The Honorable Jimmy Jeffress State Senator P.O. Box 1695 Crossett, AR 71635-1695
Dear Representative Jeffress:
I am writing in response to your request for an opinion regarding A.C.A. § 6-17-1202(2), which is part of the Teachers' Minimum Sick Leave Law. You have asked the following specific questions concerning this Code section:
 Do the teacher's spouse, children, or parents have to reside in the same household as the teacher in order for the teacher to utilize sick leave for their illnesses? Must `other relatives' reside in the same household in order for the teacher to utilize sick leave for their illnesses?
RESPONSE
It is my opinion that the answer to your first question is "no." The answer to your second question, in my opinion, is "yes."
Section 16-17-1202(2) defines the term "immediate family" as used in the Teachers' Minimum Sick Leave Law as follows:
 `Immediate family' includes the teacher's spouse, children, parents, and any other relatives living in the same household[.]
A.C.A. 16-17-1202(2) (Repl. 1999).
In accordance with § 16-17-1204(d), a teacher "shall be entitled to sick leave only for reasons of personal illness or illness in his immediate family."
It is my opinion that A.C.A. § 16-17-1202(2) presents a case for application of the statutory rule of construction involving the application of qualifying phrases. The question in this instance is whether the phrase "living in the same household" modifies the word "relatives," or whether it also applies to the preceding words "spouse, children, parents[.]" Although it might appear at first blush that the phrase also has reference to the earlier language, established rules of statutory construction compel a contrary result. In a case such as this, where the statutory language is ambiguous, the established rule is that qualifying words or phrases relate only to the last antecedent where no contrary intention appears. McCoy v. Walker, 317 Ark. 86, 876 S.W.2d 252
(1994). This rule of statutory construction is discussed in 2ASutherland, Statutory Construction 47.33 (4th ed. 1984), as follows:
 Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is `the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence.' Thus a proviso usually is construed to apply to the provision or clause immediately preceding it. The rule is another aid to discovery of intent or meaning and is not inflexible and uniformly binding. Where the sense of the entire act requires that a qualifying word or phrase apply to several preceding or even succeeding sections, the word or phrase will not be restricted to its immediate antecedent.
 Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma.
It is my opinion, in light of the above, that the phrase "living in the same household" modifies the word "relatives" and not the words "spouse, children, parents[.]" This is in conformity with the general rule, in the absence of any evidence of a contrary intention or a comma separating the word "relatives" from the words "living in the same household" such that the other antecedents are similarly modified.
Thus, in my opinion, the teacher's spouse, children, and parents do not have to live in the same household in order for the teacher to be entitled to sick leave for their illnesses.
The answer to your second question is, in my opinion, clearly "yes," pursuant to the plain language of the statute. The "other relatives" must be living in the same household as the teacher in order for the teacher to be entitled to sick leave for their illnesses.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh